UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 08-107 (RJL) |
| | : | |
| **v.** | : | |
| | : | |
| **RENE MAURICIO GARCIA,** | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in aid of sentencing. As discussed below, the government moves this Court to sentence defendant to a term of imprisonment of 180 days, suspend execution of the sentence, and impose a one-year period of supervised probation.

I. **BACKGROUND**

On February 7, 2008, agents from the Federal Bureau of Investigation questioned defendant at his home. During this initial interview, defendant **GARCIA** admitted fraudulently obtaining a D.C. driver's license. He also admitted providing Dora Morales (Cr. 08-19) with the contact information for Gloria Gonzalez-Paz (Cr. 08-92) to enable Ms. Morales to similarly obtain a facially valid, but fraudulently issued, D.C. driver's license. Defendant **GARCIA** and his attorney subsequently met with the Government on two occasions. During these meetings, defendant **GARCIA** provided additional detail concerning the manner in which he obtained his D.C. driver's license. On June 9, 2008, defendant waived indictment and pled guilty to defrauding the District of Columbia, in violation of D.C. Code Sections 22-3221(b) and 22-3222(b)(2).

II. **SENTENCING RECOMMENDATION**

The maximum penalty for this crime is a term of imprisonment of 180 days and a fine of $1,000.  Although the District of Columbia has enacted advisory sentencing guidelines for felony offenses, these guidelines are inapplicable here because defendant **GARCIA** pled guilty to a misdemeanor.  Accordingly, this Court should consider the following four factors in fashioning an appropriate sentence in this case: (1) the protection of society against wrong-doers; (2)  the punishment -- or much better -- the disciplining of the wrong-doer; (3)  the reformation and rehabilitation of the wrong-doer; and (4)  the deterrence of others from the commission of like offenses.  Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (STEVENS, J., concurring); Williams v. New York, 337 U.S. 241, 251 (1949); Collins v. Francis, 728 F.2d 1322, 1339 (11th Cir.), cert. denied, 469 U.S. 963 (1984).  The sentencing judge may consider a wide variety of information related to a defendant's background, character, and conduct, criminal or otherwise, when imposing a sentence.  The Court may also weigh the details of the crime for which the defendant is being punished, Williams v. Oklahoma, 358 U.S. 576 (1959), and the deterrent effect of the sentence on others.  See, e.g., United States v. Barbara, 683 F.2d 164 (6th Cir. 1982).

In weighing these factors, the government submits that imposing a term of incarceration of 180 days, suspending execution of the sentence, and requiring the defendant's successful completion of a one-year term of supervised probation is fair and balanced and will serve as a deterrent, not only to the defendant, but to other members of society.  Defendant **GARCIA** has clearly exhibited an ability and desire to be a contributing member of this community.  During this period of supervised probation, the government requests the Court to impose conditions that

will assist him in meeting his goals. Such conditions could include employment counseling, literacy courses, and civic awareness training.

III.  **CONCLUSION**

For the reasons set forth herein, the government believes a sentence of 180 days incarceration, execution of sentence suspended, and a one-year term of supervised probation is necessary, reasonable, and appropriate in this case.

                                                          Respectfully submitted,

                                                          JEFFREY A. TAYLOR  
                                                          United States Attorney  
                                                          for the District of Columbia  
                                                          D.C. Bar Number 498610

By:     __/s/_____  
           SUSAN B. MENZER, D.C. Bar Number 421700  
           ELLEN CHUBIN EPSTEIN, D.C. Bar Number 442861  
           Assistant United States Attorneys  
           United States Attorneys Office  
           Fraud and Public Corruption Section  
           555 4th Street, N.W.  
           Washington, D.C.  20530